| MURRAY, J.,
concurs with reasons.
I concur in the affirmation of the summary judgment in favor of UNO Foundation, but for different reasons than those expressed in the majority opinion. The 1891 speech gave LHA only a right to possess the building forever for the use of its organization; it gave LHA no right to ownership. Apparently for that reason, both the LHA and the HMLA consistently characterized LHA’s right as a perpetual usufruct throughout their century long relationship.[1]
MHMI places great reliance on LHA’s possession and maintenance of the building for over a century. However, LHA possessed and maintained the building during that period as a usufructuary. A usufruc-tuary is a precarious possessor. Under La.C.C. art. 3438 (and former La.C.C. arts. 3446 and 3489), a precarious possessor “is presumed to possess for another although he may intend to possess for himself.” La.C.C. art. 3438. LHA was thus presumed to possess for HMLA. To overcome this presumption and commence to possess for himself, a precarious possessor must “give actual notice of this intent to the person on whose behalf he is possessing.” La.C.C. art. 3439.[2]
L.The principal act on which MHMI relies as constituting actual notice to HMLA of its intent to commence possessing as owner was a 1931 act by which LHA granted HMLA a perpetual right of use of part of the building.[3] That 1931 act was not an act of ownership sufficient to commence the thirty-year acquisitive prescription period running; rather, as the UNO *629 Foundation argues, it was a grant by LHA to HMLA of a “sub-usufruct.” Although that legal label may be res nova, it has authoritative support in the jurisprudence. A usufructory “may burden his right of enjoyment with another usufruct.” 3 A.N. Yiannopoulos, Louisiana Civil Law Treatise: Personal Servitudes § 103(4th ed. 2000)(noting that “[t]his faculty is rarely exercised in practice”). Such a usufruct of a usufruct can logically be labeled a “sub-usufruct.”
Another aspect of the sub-usufruct on which MHMI relies is that the term of the sub-usufruct was perpetual. Particularly, MHMI argues that the perpetual term invoked former La.C.C. art. 729, which provided that the right to impose a servitude permanently on an estate belonged solely to the owner. The UNO Foundation counters that former article applied only to predial servitudes and that the 1931 act created a personal servitude — a sub-usufruct. I agree. A better view of the perpetual term of the sub-usufruct is that it was simply an attempt by the parties to be consistent with the perpetual term of the original usufruct.[4]
Accordingly, I agree that the judgment of the trial court should be affirmed.
hGORBATY, J., concurs.
I agree with the result reached by the majority. However, while I agree that the UNO Foundation has acquired ownership of the building in question, I note that the summary judgment only determines the issue of who owns the building. The issue of who has the right to use the building has not been determined.

. That characterization, however, was technically inaccurate as La.C.C. art. 608 (and former La.C.C. art. 612) limits a usufruct in favor of a legal entity to a thirty-year term.

. The official comments to this article indicate that it did not change the law. La.C.C. art. 3439, Official Revision comment (a).

.MHMI also cites a 1931 resolution; however, that resolution was subsequently rescinded. Moreover, as the opinion points out, there is no evidence that resolution was communicated to HMLA.

. Again, as with LHA’s original usufruct, the sub-usufruct in favor of HMLA, a legal entity, is limited by La.C.C. art. 608 (and former La.C.C. art. 612) to a thirty-year term.